IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ALEJANDRO FIGUEREDO,**

    **Plaintiff,**

vs.                                                CASE NO. 4:04cv323-RH/WCS

**JAMES V. CROSBY,
LYNN HILL, Assistant Warden,
LAUNDRY ROOM SERGEANT,
LAUNDRY ROOM OFFICER**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has responded to Defendant Crosby's motion to dismiss. Docs. 18 and 26. Defendant Crosby asserts that the claims against him should be dismissed because he is immune from suit in his official capacity pursuant to the Eleventh Amendment and, as for the individual capacity claim, there is no causal connection. Doc. 18.

Dismissal of a complaint, or a portion thereof, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct.

99, 102, 2 L.Ed.2d 80 (1957). A court must accept as true the allegations of the complaint when ruling upon such a motion. <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). *Pro se* complaints should be held to less stringent standards than those drafted by an attorney. <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

<u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

122 S.Ct. at 998-999.

Plaintiff's complaint does not specify the manner in which Plaintiff sues the Defendants. Defendant James Crosby was named as a Defendant, however, and in doing so Plaintiff wrote beneath his name, Secretary, Florida Department of Corrections. Doc. 13, p. 2. It is, thus, assumed that Plaintiff intended to sue this Defendant in both his official and individual capacities. In response to the motion to dismiss, doc. 18, Plaintiff has now indicated his willingness to "forego suit" against Defendant Crosby in "his official capacity, as [Plaintiff] is primarily concerned with the defendant in his individual capacity, in which he placed a direct role in the violation of

the plaintiffs constitutional rights." Doc. 26, p. 1. Therefore, upon consent of Plaintiff, the claim against Defendant Crosby proceed solely on his individual capacity.

Defendant Crosby has argued that Plaintiff has not provided any allegations against this Defendant which show a causal connection. Doc. 18, p. 4. Defendant is correct. Plaintiff alleged only that "a memorandum from Tallahassee stated that they didn't have to issue the warm, mandated clothing . . . ." Doc. 13, p. 8. Plaintiff alleges he does not know who issued the memorandum. Plaintiff sent a grievance appeal "to the Secretary of D.O.C. (at that time Michael Moore)" and the response Plaintiff received agreed with the response given to Plaintiff on his institutional level formal grievance. *Id.* Plaintiff alleged that "[i]f there was such a Memorandum issued by the Central office (The Secretary) it was an unlawful memorandum and clearly implicated the secretary of F.D.O.C. as having a direct hand in the unlawful denial of adequate warm clothing . . . ." *Id.*

Plaintiff's allegations clearly reveal that because the Secretary of the Department at the time of the events in question was Michael Moore, there is no causal connection to James Crosby. There are no allegations in the second amended complaint providing a basis upon which to hold the current Secretary of the Department personally liable for monetary damage. Thus, the motion dismiss Defendant Crosby should be granted.

When directing service of the second amended complaint, doc. 13, the order stated that there were four Defendants in this action: Secretary James Crosby, Assistant Warden Lynn Hill, and two unknown prison officials at Madison Correctional Institution. Plaintiff was given ten days to advise the Court if that reading of the complaint was incorrect. Doc. 15. Plaintiff did not file any clarification. However, in

reviewing this case it is noted that Plaintiff actually listed Defendant Crosby as a Defendant on page 2 of the complaint form as: "James V. Crosby/Michael Moore." Construing the second amended complaint liberally as the Court must do for a *pro se* litigant, it is apparent that Plaintiff intended to name both persons as a Defendant. Thus, it *may* be appropriate in the future to allow Plaintiff to amend his complaint to present his allegations more clearly. That time has not yet arrived, however.

It is evident in reviewing Plaintiff's second amended complaint along with his response to the motion to dismiss, doc. 26, that the basis for any claim against the Secretary of the Department is the issuance of the memorandum directing that warm clothing be given only to inmates who were assigned to work outside. Because Plaintiff is currently unaware of the author of that memorandum or who was responsible for making that policy decision, service will not be directed against Defendant Moore at this time. A supplemental service order was issued on February 8, 2005, re-directing service on Defendant Hill. Doc. 23. No response to that service order has yet been received. It is likely that when service is effected, the special report process will provide information concerning that memorandum which is, admittedly, central to Plaintiff's claims. The special report process will presumably provide discovery to Plaintiff and resolve this issue. Until that process is complete, it would be an unnecessary expense and possibly a premature step to direct service on one who may or may not be involved.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Crosby's motion to dismiss, doc. 18, be **GRANTED** and the claims against Defendant Crosby be **DISMISSED** pursuant to that Defendant's Eleventh Amendment immunity and for failure to state a claim upon which relief may be granted as there is no causal

connection to this Defendant, and that the order adopting this report and recommendation **REMAND** this case to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 30, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**