**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ALEJANDRO FIGUEREDO,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**CASE NO. 4:04cv323-RH/WCS**

**LYNN HILL, Assistant Warden,
LAUNDRY ROOM SERGEANT,
LAUNDRY ROOM OFFICER**

    **Defendants.**

_____/


**O R D E R**

    This cause is before the Court upon Defendant Hill's filing of a special report with numerous attachments. Doc. 32. Previously, the claims against Defendant Crosby were dismissed, doc. 30, leaving only the claim against Defendant Hill.[1] Defendant Hill argues her entitlement to Eleventh Amendment and qualified immunity, and contends that Plaintiff, proceeding *pro se*, fails to state a claim under the Eighth Amendment. Doc. 32. In ordering the special report, the Court advised that "at some time in the future upon notice of the Court, the special report may be deemed a motion for

---

[1] The report and recommendation, doc. 27, noted that a basis for redirecting service on Michael Moore, former Secretary of the Department of Corrections, had not yet been shown. Service was not directed on the two unknown Defendants either.

summary judgment." Doc. 23, p. 4. This order is entered to advise the parties that the special report will be treated as a motion for summary judgment. This order also advises Plaintiff of his burden in opposing summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, the Defendant need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). In opposition, Plaintiff must come forward with evidentiary material demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. 106 S. Ct. 2553. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth

such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

The parties are hereby notified that the Court will take the motion for summary judgment under advisement on **July 8, 2005.** The file will be referred to the undersigned on that date, and delay in entry of a report and recommendation after that date will be due to the need to adjudicate motions in other cases which have become ready for adjudication earlier than this case.

Plaintiff should file affidavits or other material in opposition to summary judgment before that date. If additional time is needed, he must file a motion for extension of time (describing why the time is needed and how much time is necessary) <u>before</u> the date on which the motion will be taken under advisement. Defendants need not file any further materials if they wish to rely upon the special report and materials submitted therewith, but are permitted to do so by the deadline stated above.

Accordingly, it is

**ORDERED:**

1. The parties are advised that the special report, doc. 32, construed as a motion for summary judgment, will be taken under advisement on **July 8, 2005,** and a report and recommendation will be entered on or after that date. The parties must submit any additional material in support of, or in opposition to, summary judgment before that date.

2.  The Clerk of Court shall return this file to the undersigned on July 8, 2005.

**DONE AND ORDERED** on June 2, 2005.

>    **s/    William C. Sherrill, Jr.**
>    **WILLIAM C. SHERRILL, JR.**
>    **UNITED STATES MAGISTRATE JUDGE**